UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMODA FULLER AHMED,

                Plaintiff,                        **MEMORANDUM & ORDER**
                                                                     11-CV-4456 (RRM)(JO)

    - against -

CONGRESS MEMBER NYDIA VELASQUEZ,

                Defendant.
----------------------------------------------------------X

**ROSLYNN R. MAUSKOPF, United States District Judge.**

      Plaintiff Jamoda Fuller Ahmed filed this *pro se* civil rights complaint against the Honorable Nydia Velasquez, U.S. Representative for the 12th congressional district of New York ("Velasquez"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed with leave to replead within thirty (30) days of the date of this Order.

## BACKGROUND

      This is plaintiff's second action against a United States Congressperson in this Court. In her first, *Ahmed v. Maloney*, 10-CV-5102 (RRM), plaintiff sued U.S. Representative Carolyn Maloney. Since the complaint consisted of "nothing but a string of broadly-articulated harms" and "not a single factual allegation," by Order dated January 27, 2011, defendant's motion to dismiss was granted because the complaint failed to state a claim for relief, or give Defendant fair notice of the claims filed against her. 10-CV-5102, slip op. at 2-3. The Order further stated that the dearth of information precluded it from making any conclusions as to Defendant's possible legislative immunity. Plaintiff was afforded, however, thirty days to file an amended complaint. When she did not, judgment entered on April 1, 2011.

Plaintiff now files the instant action against Velasquez. She recites phrases and case citations without supporting facts and seemingly no connection whatsoever to Velasquez or each other. Her statement of claim is as follows:

> Civil rights of members of her family sua sponte only complaint triestman vs. fed. Bureau of Prisons 470 F.3d 471, 474-75 (2d Cir. Complaint at III(a)(c). Id. 9 III (c). Id [ ] of civil Rights violations on behalf of her family. Include facts implicating tortious respect President Obama and other federal created or acquiesced. Nil city of NY Queens Igbal, 129 S.Ct. at 1949. Mem[o] of law DOL No 6) at 3. Citing Branum v. Clark 927 f. 2d 698, 705 (2d Cir. 1991). Complaint. Defendants order judgment for court certify pursuant to 28 U.S.C. § 19915.

Complaint at III(C).

## DISCUSSION

**The Instant Complaint**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead

enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Finally, the complaint must comply with Rule 8 of the Federal Rules of Civil Procedure which states that a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This complaint is nearly indecipherable. To the extent it can be deciphered, it fails to provide the Court with notice of what claim or claims she seeks to make. Even affording it the broadest construction imaginable, the complaint fails to notify the defendant of the claim against her or to plead any facts sufficient to state a claim to relief as to any party. Thus, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Leave To Amend**

Despite the fact that plaintiff's allegations are incomprehensible and fail to provide notice of the claim she seeks to raise, in light of plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), plaintiff is afforded thirty days from the date of this Order to amend her complaint in order to provide a basis for this Court's subject matter jurisdiction and to comply

with the dictates of Rule 8.[1]  *See* Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord,* 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)); *Hernandez v. Goord,* No. 01 Civ. 9585, 2004 WL 719171, *10 (S.D.N.Y. Mar. 31, 2004).

---

[1] The Court forewarns plaintiff that the sole defendant she has named to this action, "Congress Member Nydia Velasquez," is absolutely immune for her legislative acts. The Speech or Debate Clause of the United States Constitution. Article I, Section 6, of the Constitution provides that "for any Speech or Debate in either House," Senators and Representatives "shall not be questioned in any other Place." When this legislative immunity applies, Senators and Representatives are shielded from any award of damages or prospective relief, and cannot be put to the "burden of defending themselves." *Sup. Ct. of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 732 (1980) (quoting *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967)).

## CONCLUSION

Accordingly, the complaint as currently stated is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). However, plaintiff shall be afforded leave to file an amended complaint within 30 days of the date of this Order. The amended complaint must be legible and provide facts giving rise to her federal claims against defendant. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 & 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim on which relief may be granted and judgment will enter.

The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
September 21, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

5